UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HOWARD J. HALL,

     Plaintiff,

    v.

OPENTV, INC., JAMES ACKERMAN
and PETER BOYLAN, III,

     Defendants.

Civ. No. 04-10413-PBS

**ANSWER AND
AFFIRMATIVE DEFENSES**

Defendants OpenTV, Inc. ("OpenTV"), James Ackerman ("Ackerman") and Peter Boylan, III ("Boylan," and with OpenTV and Ackerman, "Defendants"), by their attorneys, Jackson Lewis, LLP, answer the Complaint filed by Plaintiff Howard Hall herein ("Complaint") as follows:

1.    Admit that Plaintiff has brought claims against Defendants as described in paragraph "1" of the Complaint, but deny any and all liability to Plaintiff.

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "2" of the Complaint.

3.    Deny the allegations in paragraph "3" of the Complaint, but admit that OpenTV is a corporation with its principal place of business at 275 Sacramento Street, San Francisco, California.

4.    Deny the allegations in paragraph "4" of the Complaint, but admit that Ackerman is an individual residing at 1638 Lake Street, San Francisco, California.

5.    Deny the allegations in paragraph "5" of the Complaint, but admit that Boylan is an individual residing at 6600 Timberlane Road, Tulsa, Oklahoma.

6.    The allegations in paragraph "6" of the Complaint are legal conclusions to which no response is required.

7.    The allegations in paragraph "7" of the Complaint are legal conclusions to which no response is required.

8.    The allegations in paragraph "8" of the Complaint are legal conclusions to which no response is required.

9.    Admit the allegation in paragraph "9" of the Complaint.

10.    Deny the allegations in paragraph "10" of the Complaint, but admit that Plaintiff signed the 2001 Sales Incentive Plan Americas Sales Organization Agreement on February 12, 2001.

11.    Deny the allegations of paragraph "11" of the Complaint, but admit that Plaintiff served as Executive Sales Director for Spyglass Integration from February 5, 2001 to January 2002.

12.    Deny the allegations of paragraph "12" of the Complaint, but admit that Plaintiff was promoted to Vice President of Sales for Spyglass Integration in January 2002.

13.    Admit the allegations in paragraph "13" of the Complaint.

14.     Deny the allegations of paragraph "14" of the Complaint.

15.     Deny the allegations in paragraph "15" of the Complaint to the extent they misstate the terms and conditions of The 2002 Sales Incentive Plan Worldwide Sales Organization Plan Document (the "2002 Plan"), and refer the Court to the 2002 Plan for a complete and accurate statement of its terms.

16.     Deny the allegations in paragraph "16" of the Complaint.

17.     Deny the allegations in paragraph "17" of the Complaint, but admit that Plaintiff received a copy of The 2003 Sales Commission Plan Worldwide Organization Master Plan Document ("2003 Plan") in June 2003.

18.     Deny the allegations in paragraph "18" of the Complaint.

19.     Deny the allegations in paragraph "19" of the Complaint.

20.     Deny the allegations in paragraph "20" of the Complaint.

21.     Deny the allegations in paragraph "21" of the Complaint, but admit that Plaintiff was sent calculations on October 16, 2003 that, had Plaintiff signed the 2003 Plan documents, would have resulted in commissions paid to him.

22.     Deny the allegations in paragraph "22" of the Complaint, but admit that OpenTV refused to pay Plaintiff any amounts that would have been owed to him under the 2003 Plan until he signed the 2003 Plan documents, which he refused to do.

23.     Deny the allegation in paragraph "23" of the Complaint and respectfully refer the Court to the October 17, 2003 e-mail message attached as Exhibit E to the Complaint for a complete and accurate statement of its terms.

24.     Deny the allegations in paragraph "24" of the Complaint, but admit that Plaintiff resigned from OpenTV on October 21, 2003.

25.     Deny the allegations in paragraph "25" of the Complaint, but admit that OpenTV communicated with Plaintiff following his resignation and that Plaintiff believed he was entitled to additional compensation from OpenTV.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the Complaint, but admit that Plaintiff filed a Non-Payment of Wages Complaint with the Massachusetts Attorney General on or about January 14, 2004 and requested a "right to sue" letter.

27.     Admit the allegations in paragraph "27" of the Complaint.

28.     Admit the allegations in paragraph "28" of the Complaint.

29.     Deny the allegations in paragraph "29" of the Complaint to the extent they misstate the terms and conditions of the 2002 Plan and respectfully refer the Court to the 2002 Plan for a complete and accurate statement of its terms.

30.     Deny the allegations in paragraph "30" of the Complaint.

31.     Deny the allegations in paragraph "31" of the Complaint.

32.    Deny the allegations in paragraph "32" of the Complaint to the extent they misstate the terms and conditions of the 2002 Plan and respectfully refer the Court to the 2002 Plan for a complete and accurate statement of its terms.

33.    Deny the allegations in paragraph "33" of the Complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Complaint.

35.    Deny the allegations in paragraph "35" of the Complaint.

36.    Deny the allegations in paragraph "36" of the Complaint.

37.    Deny the allegations in paragraph "37" of the Complaint.

38.    Deny the allegations in paragraph "38" of the Complaint.

39.    Defendants repeat and incorporate by reference their responses to paragraphs "1" through "38" as if fully set forth herein.

40.    Deny the allegations in paragraph "40" of the Complaint.

41.    Deny the allegations in paragraph "41" of the Complaint.

42.    Deny the allegations in paragraph "42" of the Complaint.

43.    Defendants repeat and incorporate by reference their responses to paragraphs "1" through "42" as if fully set forth herein.

44.    The allegation in paragraph "44" of the Complaint is a legal conclusion to which no response is required.

45.    The allegation in paragraph "45" of the Complaint is a legal conclusion to which no response is required.

46.    Deny the allegations in paragraph "46" of the Complaint.

47.    Defendants repeat and incorporate by reference their responses to paragraphs "1" through "46" as if fully set forth herein.

48.    The allegation in paragraph "48" of the Complaint is a legal conclusion to which no response is required.

49.    The allegation in paragraph "49" of the Complaint is a legal conclusion for which no response is required.

50.    The allegation in paragraph "50" of the Complaint is a legal conclusion to which no response is required.

51.    Deny the allegations in paragraph "51" of the Complaint.

52.    Admit the allegations in paragraph "52" of the Complaint.

53.    Deny the allegations in paragraph "53" of the Complaint.

54.    Defendants repeat and incorporate by reference their responses to paragraphs "1" through "53" as if fully set forth herein.

55.    Deny the allegations in paragraph "55" of the Complaint.

56.     Deny the allegations in paragraph "56" of the Complaint.

57.     Defendants repeat and incorporate by reference their responses to paragraphs "1" through "56" as if fully set forth herein.

58.     Deny the allegations in paragraph "58" of the Complaint.

59.     Deny the allegations in paragraph "59" of the Complaint.

60.     Deny the allegations in paragraph "60" of the Complaint.

61.     Deny the allegations in paragraph "61" of the Complaint.

62.     Deny the allegations in paragraph "62" of the Complaint.

63.     Deny that Plaintiff is entitled to any of the relief requested in the "Wherefore" clause on page 12 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64.     The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65.     Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has alleged neither the existence of a contract between him and OpenTV nor the breach of a contract by OpenTV.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66.    Plaintiff's claims for relief are barred, in whole or in part, because the amounts claimed to be owed by Plaintiff do not constitute "wages" under the Mass Gen. Laws ch. 149 § 148.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67.    Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68.    Plaintiff's claims for relief are barred, in whole or in part, because Defendants' conduct as to Plaintiff was neither willful nor wanton.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69.    Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff has received from Defendants all monies to which he is entitled.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70.    Plaintiff's claims for relief against Ackerman and Boylan are barred because Ackerman and Boylan were not "employers" within the meaning of Mass Gen. Laws ch. 149 § 148.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71.    Plaintiff's claims for relief against Ackerman and Boylan are barred because the Court lacks personal jurisdiction over Ackerman and Boylan.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72.    Plaintiff's claims for relief are barred, in whole or in part, because he has failed to mitigate or otherwise failed to act to lessen or reduce any of the putative damages alleged in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73.    Plaintiff's claims for relief are barred, in whole or in part, because Defendants made no promises to Plaintiff, and to the extent Plaintiff believes that any promises were made, his reliance thereon was unreasonable.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

74.    Defendants reserve the right pending the completion of discovery to assert any additional defenses that may exist.

Defendants reserve their right under Federal Rule of Civil Procedure 15 to amend this Answer and Affirmative Defenses in order to add counterclaims against Plaintiff.

WHEREFORE, Defendants OpenTV, Inc., James Ackerman, and Peter Boylan, III respectfully request that the Complaint be dismissed in its entirety and that Defendants be

awarded their attorneys' fees, costs, expenses, and such other and further relief as the Court

deems just and proper.


Dated: Boston, Massachusetts
      March 8, 2004

                                OPENTV, INC., JAMES ACKERMAN, AND
                                PETER BOYLAN, III

                                By their attorneys,

                                Andrew C. Pickett BBO# 549872
                                Stephen T. Paterniti BBO# 564860
                                JACKSON LEWIS LLP
                                75 Park Plaza, 4th Floor
                                Boston, Massachusetts 02116
                                (617) 367-0025


OF COUNSEL:

Allan S. Bloom, Esq.
Matthew I. Herman, Esq.
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000.

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Answer and Affirmative Defenses** by U.S. Mail on all counsel of record on this 8th day of March, 2004.

NY55/350783.4